UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EUGENE LEON PRICE,<br><br>  Plaintiff,<br><br>  v.<br><br>STOCKTON POLICE DEPARTMENT, et al.,<br><br>  Defendants. | No. 2:24-cv-3758 DAD CKD P<br><br>ORDER AND<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding pro se and seeking relief pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1). Plaintiff's second amended complaint (ECF No. 14) is before the court for screening.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

Having reviewed plaintiff's second amended complaint, the court finds that plaintiff can proceed on a claim for excessive use of force arising under the Fourteenth Amendment against defendant Det. Vincent Magana as to plaintiff's allegation that plaintiff's neck was nearly broken while plaintiff was handcuffed. Plaintiff fails to state any other actionable claims.

1

Plaintiff believes he should be released from prison. When a state prisoner challenges the legality of his custody and the relief he seeks is the determination of his entitlement to an earlier or immediate release, his sole federal remedy is a writ of habeas corpus which plaintiff would seek under 28 U.S.C. § 2254. Preiser v. Rodriguez, 411 U.S. 475, 500 (1973).

Many of plaintiff's claims concern events leading to his conviction and sentence. Plaintiff cannot proceed on such claims because the claims imply the invalidity of his conviction or sentence. Heck v. Humphrey, 512 U.S. 477, 487 (1994).

Plaintiff names the Stockton Police Department as a defendant. Municipalities cannot be held vicariously liable under § 1983 for the actions of their employees. Monell v. Dep't of Social Services, 436 U.S. 585, 691-94 (1978). "Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." Id. at 694. Plaintiff does not present any valid basis for liability as to the Stockton Police Department in his second amended complaint.

Plaintiff complains about destruction of property. Generally speaking, mere deprivation of property does not amount to a claim upon which a person can proceed under federal law. With respect to the Due Process Clause of the Fourteenth Amendment, the United States Supreme Court has held that "an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful post-deprivation remedy for the loss is available." Hudson v. Palmer, 468 U.S. 517, 533 (1984). The California Legislature has provided a remedy for tort claims against public officials in the California Government Code, §§ 900, et seq.

Finally, plaintiff appears to attempt to assert claims arising under California law, but plaintiff fails to plead compliance with the California Tort Claims Act. See Cal. Gov't Code § 910 et seq.; Mangold v. Cal. Pub. Utils. Comm'n, 67 F.3d. 1470, 1477 (9th Cir. 1995).

In accordance with the above, IT IS HEREBY ORDERED that:

1. Service of process is appropriate for defendant Detective Vincent Magana, Stockton Police Department.

2

    2. The Clerk of the Court shall send plaintiff a USM-285 form, summons, an instruction sheet and a copy of the second amended complaint.

    3. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Submission of Documents and submit the following documents to the court:

        a. The completed Notice of Submission of Documents;

        b. One completed summons;

        c. One completed USM-285 form; and

        d. Two copies of the second amended complaint.

    4. Plaintiff need not attempt service and need not request waiver of service. Upon receipt of the above-described documents, the court will direct the United States Marshal to serve the above-named defendant pursuant to Federal Rule of Civil Procedure 4 without payment of costs.

    IT IS HEREBY RECOMMENDED that all claims and defendants other than a claim arising under the Fourteenth Amendment against defendant Magana be dismissed.

    These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time waives the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: September 9, 2025

                                          CAROLYN K. DELANEY
                                          UNITED STATES MAGISTRATE JUDGE

1
pric3758.1

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EUGENE LEON PRICE,<br><br>        Plaintiff,<br><br>   v.<br><br>STOCKTON POLICE DEPARTMENT, et al.,<br><br>        Defendants. | No.  2:24-cv-3758 DAD CKD P<br><br>NOTICE OF SUBMISSION<br>OF DOCUMENTS |

        Plaintiff submits the following documents in compliance with the court's order filed

_____:

        \_\_\_\_         completed summons form

        \_\_\_\_         completed USM-285 forms

        \_\_\_\_         copies of the _____
                                    Second Amended Complaint

DATED:

                                                          _____
                                                          Plaintiff

1