UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

EUGENE LEON PRICE,

      Plaintiff,

      v.

VINCENT MAGANA.,

      Defendants.

No.  2:24-cv-03758-DAD-CKD P

FINDINGS AND RECOMMENDATIONS

Plaintiff, a state prisoner, proceeds without counsel and seeks relief under 42 U.S.C. § 1983. Plaintiff's motion for a preliminary injunction is before the court. (ECF No. 46.) For the reasons set forth below, the motion should be denied.

**I.      Background**

The court has screened plaintiff's complaint and recommended that he proceed on a claim for excessive use of force arising under the Fourteenth Amendment against defendant Det. Vincent Magana. (ECF No. 25.) The findings and recommendations are pending before the District Judge assigned to this matter.  Plaintiff has now filed a motion for preliminary injunction. (ECF No. 46.)

**II.      Legal Standard**

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the

balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008). Under another formulation of the test used in the Ninth Circuit, a likelihood of success is not an absolute requirement. Wild Rockies v. Cottrell, 632 F.3d 1127, 1131-32 (9th Cir. 2011). Rather, the plaintiff shows serious questions are raised and the balance of hardships tips in plaintiff's favor. Drakes Bay Oyster Co. v. Jewell, 747 F.3d 1073, 1085 (9th Cir. 2014). "Under any formulation of the test, plaintiff must demonstrate that there exists a significant threat of irreparable injury." Oakland Tribune, Inc., v. Chronicle Pub. Co., Inc., 762 F.2d 1374, 1376 (9th Cir. 1985). "A preliminary injunction is an extraordinary remedy [that] may be awarded only upon a clear showing that the movant is entitled to relief. Winter, 555 U.S. at 24.

Under the court's local rules,

> All motions for preliminary injunction shall be accompanied by (i) briefs on all relevant legal issues to be presented by the motion, (ii) affidavits in support of the motion, including affidavits on the question of irreparable injury, and (iii) a proposed order with a provision for a bond. See L.R. 230, 151.

Local Rule 231(d).

### III.    Discussion

Plaintiff's motion for a preliminary injunction is on a form entitled "Request for Domestic Violence Restraining Order."  (ECF No. 46 at 1.) Plaintiff's allegations are the same as those in the operative Second Amended Complaint. (ECF Nos. 14 & 46.)

Plaintiff fails to demonstrate he is likely to succeed on the merits of his claims as required for a preliminary injunction to issue. A motion for preliminary injunction must be supported by "[e]vidence that goes beyond the unverified allegations of the pleadings." Fidelity Nat. Title Ins. Co. v. Castle, 2011 WL 5882878, *3 (N.D. Cal. Nov. 23, 2011) (citing 9 Wright & Miller, Federal Practice & Procedure § 2949 (2011)). Plaintiff, as the moving party, bears the burden of establishing the merits of his or her claims. See Winter, 555 U.S. at 20. Plaintiff does not furnish the court with evidence in support of the motion. The merit of plaintiff's claims will depend on resolution of disputed factual issues which are not before the court. Likelihood of success on the merits is the most important Winter factor, and it is relevant to the court's evaluation of the other

factors See Baird v. Bonta, 81 F.4th 1036, 1044 (9th Cir. 2023). Without showing a likelihood of success on the merits, plaintiff also does not establish that the balance of equities tips in his favor, or that an injunction is in the public interest. See id.; Winter, 555 U.S. at 20.

**IV.    Conclusion and Recommendation**

For the reasons set forth above, IT IS RECOMMENDED that plaintiff's motion for a preliminary injunction (ECF No. 46) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 21 days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  May 8, 2026

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

CKD.3758.price.mpi